IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01460-BNB

CHARLES HALL,

Plaintiff,

v.

WILSON,
CHIEF KIELLER,
DEPUTY MUSSELMAN,
DEPUTY COMPTON,
CAPTAIN JOCHEM, and
CAPTAIN MCCALL,

Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 2 0 2010

GREGORY C. LANGHAM
CLERK

ORDER TO FILE AMENDED COMPLAINT

Plaintiff, Charles Hall, initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee. On June 22, 2010, Mr. Hall submitted an amendment to the complaint adding Captain McCall as a Defendant and amendments to his second and third claims.

The Court must construe the amended complaint liberally because Mr. Hall is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Hall will be directed to file an amended complaint.

The Court has reviewed Mr. Hall's complaint and amendments and finds that the

complaint, as amended, does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Hall fails to allege which claim is asserted pursuant to which statute. His complaint is unnecessarily wordy. His nine asserted claims make repetitive allegations. He alleges that he is a disabled pretrial detainee who is infected with hepatitis C; the Denver County Jail is risking the lives of other confined persons by having him work in the jail kitchen; prison officials are conspiring to cover up his infirmities; he is being subjected to involuntary servitude because pretrial detainees cannot be required to

work; and work is exacerbating his medical condition. However, he sets forth an extended and unnecessary discussion of often insignificant details and legal argument in support of his claims rather than providing "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

It is Mr. Hall's responsibility to present his claims in a manageable format that allows the Court and the defendants know what claims are being asserted and to be able to respond to those claims. Mr. Hall must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated her rights. The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In the amended complaint, Mr. Hall also must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Hall must name and show how the named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction,

3

or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint, as amended, does not meet the requirements of Fed. R. Civ. P. 8. Mr. Hall will be given an opportunity to cure the deficiencies in his complaint by submitting an amended complaint that states his claims clearly and concisely in compliance with Fed. R. Civ. P. 8, names only proper parties, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Plaintiff, Charles Hall, **within thirty (30) days from the date of this order**, file an amended Prisoner Complaint that complies with this order and with the pleading requirements of Fed. R. Civ. P. 8(a) as discussed in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Hall, together with a copy of this order, two copies of the following form to be used in submitting the

amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Hall fails to file an amended complaint that complies with this order within the time allowed, the complaint, its amendments, and the action will be dismissed without further notice.

DATED July 20, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01460-BNB

Charles Hall
Prisoner No. 2010-034468
Denver County Jail
P.O. Box 1108
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 7/20/10

GREGORY C. LANGHAM, CLERK

By /s/
    Deputy Clerk