IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01460-BNB

CHARLES HALL,

    Plaintiff,

v.

WILSON,
CHIEF KIELLER,
DEPUTY MUSSELMAN,
DEPUTY COMPTON,
CAPTAIN JOCHEM, and
CAPTAIN MCCALL,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Charles Hall, currently is incarcerated at the Denver County Jail. Mr. Hall initiated this action by filing *pro se* a Prisoner Complaint for money damages pursuant to 42 U.S.C. §§ 1983, 1985, and 1986.

On July 20, 2010, Magistrate Judge Boyd N. Boland directed Mr. Hall to file within thirty days an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and alleged specific facts that demonstrated how each named Defendant personally participated in the asserted constitutional violations. On August 5, 2010, Mr. Hall filed an amended complaint for money damages pursuant to §§ 1983, 1985, and 1986.

Mr. Hall has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915, without payment of an initial partial filing fee.

Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Hall is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe Mr. Hall's filings liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the amended complaint will be dismissed pursuant to § 1915(e)(2)(B) as legally frivolous.

Mr. Hall alleges that he is a disabled, pretrial detainee who is infected with hepatitis C. He asserts three claims. As his first claim, asserted pursuant to § 1983, he alleges that Defendant Deputy Sheriff Musselman disregarded the fact that he is a disabled, pretrial detainee infected with hepatitis C and ordered him to work in the prison kitchen instead of giving him the option to return to his dormitory. He contends that being ordered to work violated his right to due process, his right to be free from

cruel and unusual punishment, and the prohibition against slavery.

Since Mr. Hall was a pretrial detainee at the time the claims arose, his Eighth Amendment claims properly are asserted pursuant to the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). Nonetheless, whether he was a pretrial detainee or a prisoner, the Eighth Amendment provides the analytical framework for addressing an Eighth Amendment claim. *See Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998). The core areas entitled to protection by the Eighth Amendment include food, shelter, sanitation, personal safety, medical care, and adequate clothing. *See Clemmons v. Bohannon*, 956 F.2d 1523, 1527 (10th Cir. 1992).

Mr. Hall primarily bases his claimed due process violation on the deprivation of property, i.e., his time, by being was forced to work in the jail kitchen instead of being given the alternative to return to his dormitory. The Constitution guarantees due process when a person is to be deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). The fact that Mr. Hall lost time when he was forced to work in the jail kitchen, instead of being given the option to return to his dormitory, did not deprive him of life, liberty, or property.

He makes the vague allegation that working in the jail kitchen exacerbated his medical condition but he fails to provide any facts in support of this contention, as he was directed in the July 20 order for an amended complaint. Merely making the vague and conclusory allegation that his constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the Court

3

construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Therefore, the Court will not address further Mr. Hall's vague allegation concerning the exacerbation of his medical condition.

Nor does the loss of Mr. Hall's time violate the Thirteenth Amendment's ban on involuntary servitude. Mr. Hall fails to allege any facts indicating that being required to work in the jail kitchen was punitive. *See Hall*, 935 F.2d at 1110. In fact, he alleges that "other inmates that were not senteced [sic] were treated the same way." Amended complaint at 4. Mr. Hall's first claim simply fails to rise to the level of a constitutional violation.

As his second claim, asserted pursuant to § 1985, Mr. Hall contends that Defendants Wilson, director of corrections at the Denver Sheriff's Department, and Kieller, chief of the Denver Sheriff's Department, indirectly created a policy that violates the alleged right of pretrial detainees not to work. Mr. Hall fails to assert which subsection of § 1985 applies to his claims. Subsection 1985(1) does not apply because that subsection prohibits conspiracies to prevent "by force, intimidation, or threat" federal officers from performing their duties.

Mr. Hall also fails to provide a short and plain statement of his second claim pursuant to 42 U.S.C. § 1985(2) and (3). Mr. Hall does not allege facts in support of a claim under § 1985(2), which pertains to a conspiracy to intimidate a party, witness, or juror in a matter pending before a court of the United States or other obstruction of

justice. He also fails to allege sufficient facts to support a claim under § 1985(3). "The essential elements of a § 1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993). Furthermore, § 1985(3) applies only to conspiracies motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Based on his allegations in the amended complaint, Mr. Hall apparently bases his § 1985(3) claims on a non-racially motivated private conspiracy. However,

> to state a claim under 42 U.S.C. § 1985(3) for a non-racially motivated private conspiracy, if indeed such a claim can be stated, it is necessary to plead, *inter alia*:
>
> 1. that the conspiracy is motivated by a class-based invidiously discriminatory animus; and
>
> 2. that the conspiracy is aimed at interfering with rights that by definition are protected against private, as well as official, encroachment.

*Tilton*, 6 F.3d at 686. Mr. Hall does not identify specifically how Defendants conspired to violate his rights under § 1985(3) and he fails to identify the class-based invidiously discriminatory animus on which the conspiracy allegedly is based. Pretrial detainees, as a group, do not appear to constitute the kind of class contemplated by § 1985. For these reasons, the Court finds that the second claim is without merit.

As his third and final claim, asserted pursuant to § 1986, Mr. Hall alleges that Defendant Deputy Sheriff Compton "neglected to prevent" a § 1985 violation by putting him on a permanent work list for the kitchen without checking his medical condition or

5

disability. He also contends that Defendants risked the lives of other inmates by violating Colorado law and assigning someone with hepatits A, B, or C to work with food. Section 1986, which provides an action for neglecting to prevent a violation of § 1985, is premised upon the existence of a valid § 1985 claim. *See Abercrombie v. City of Catoosa, Okla.*, 896 F.2d 1228 (10th Cir. 1990); *see also Wright v. No. Skiter, Inc.*, 774 F.2d 422, 424 (10th Cir. 1985).

Mr. Hall's asserted claims and the complaint are legally frivolous, and will be dismissed pursuant to § 1915(e)(2)(B).

Accordingly, it is

ORDERED that the amended complaint filed by Plaintiff, Charles Hall, and the action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.

DATED at Denver, Colorado, this __18th__ day of __August__, 2010.

BY THE COURT:

_Christine M Arguello_

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01460-BNB

Charles Hall
Prisoner No. 2010-034468
Denver County Jail
P.O. Box 1108
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 8/18/10

                                        GREGORY C. LANGHAM, CLERK

                                       By: _____
                                                  Deputy Clerk